THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR10-0269-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MARK E. PHILLIPS, | |
| Defendant. | |

This matter comes before the Court on the United States' motion for the entry of a preliminary order of forfeiture as to certain substitute property (Dkt. No. 234).

On July 26, 2013, this Court issued an Order of Forfeiture that directed the Defendant to forfeit to the United States a money judgment in the sum of one hundred thousand dollars ($100,000.00), which represented the value of proceeds obtained from wire-fraud offenses. (Dkt. No. 227.) At that time, the money judgment was unavailable for seizure and execution because it constituted the gross proceeds from Defendant's offenses and the funds had already largely been spent.

Pursuant to Federal Rule of Criminal Procedure 32.2, and 21 U.S.C. § 853(p), the Government moves to amend that order to include certain property of Defendant as substitute property to satisfy the money judgment. (Dkt. No. 234.) Defendant does not oppose the motion, although he reserves the right to contest the government's valuation of the substitute property.

(Dkt. No. 235.)

Defendant also requests that the civil action against the same property be dismissed. *See United States of America v. One Hundred Percent (100%) of Mark Edward Phillips' Interest in Quinn's Pub,* C13-00641-RAJ (W.D. Wash.). The government has moved for a stay of those related civil-forfeiture proceedings pending the outcome of its request in this proceeding. The government argues, however, that dismissing the civil proceedings outright would be inappropriate for two reasons. First, the civil-forfeiture action has a separate and distinct basis of forfeiture from that in this action. (Dkt. No. 237 at 3.) Second, the value of the asset may exceed the $100,000.00 money judgment in this action, and the government argues that it should not be barred from seeking to recover in the civil action any remaining value from the asset. (Dkt. No. 237 at 3–4.) The Court agrees with the government's reasoning and concludes that dismissal of the civil action is not required.

In the related civil-forfeiture action, the defendant has filed a verified claim of ownership to the property identified below. *See id.* (Dkt. No. 12.) Accordingly, IT IS HEREBY ORDERED that all right, title, and interest of defendant Mark Phillips in the following property is hereby forfeited to the United States:

> One hundred percent of Mark Edward Phillips' interest in Quinn's Pub, located at 1001 East Pike Street, Seattle, Washington, 98122, including any dividends issued from 2007 to the present.

The Court further ORDERS that the United States Marshals Service shall seize any dividends owed to Defendant and shall work with the owners of Quinn's Pub to conduct a valuation of Defendant's interest in the business pending the conclusion of any third-party proceedings which may be conducted in this matter pursuant to Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853(n).

The United States shall promptly initiate proceedings necessary to protect any third-party interests in the substitute properties, pursuant to and in accordance with Rule 32.2(e) of the

Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

The Court further ORDERS that, pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of the Preliminary Order of Forfeiture and of the United States' intent to dispose of the property in accordance with law. The notice shall be posted on an official government website for at least thirty (30) days. The notice shall state that any person, other than the defendant, having or claiming a legal interest in the above-described property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days of the last day of publication) on an official internet government forfeiture website, currently www.forfeiture.gov, or within thirty (30) days of receipt of actual notice, whichever is earlier.

The notice shall advise such interested person that:

1. the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in such property;

2. the petition shall be signed by the petitioner under penalty of perjury; and

3. the petition shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property.

The petition shall also set forth any additional facts supporting the petitioner's claim and the relief sought.

The United States shall also, to the extent possible, provide direct written notice as a substitute for the published notice to any person known to have alleged an interest in the above-described property that is the subject of this Preliminary Order of Forfeiture. Upon adjudication of any third-party claims, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all such claims are addressed.

The Court further ORDERS that, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by

ORDER
PAGE - 3

Federal Rule of Criminal Procedure 32.2(c)(2).

The Court further ORDERS that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any third party petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The Court further ORDERS that the United States shall have clear title to the above-described property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions.

The Court further ORDERS that the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

The Clerk of the Court is DIRECTED to send a copy of this Preliminary Order of Forfeiture to all counsel of record.

DATED this 20th day of December 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE